# EXHIBIT "B"

Filed 8/19/2022 11:30 AM
Ofilia M. Trevino
District Clerk
Frio County, Texas
Gloria Balderrama

22-08-00228CVF

CAUSE NO. _____

| | | |
|---|---|---|
| REMEDIOS REYES GOMEZ, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JAIME SANCHEZ JAIMES, DECEASED, AND AS NEXT FRIEND OF ALEJANDRA DANIELA SANCHEZ REYES AND RAUL EMMANUEL SANCHEZ REYES, MINORS | § § § § § § § § § § | IN THE DISTRICT COURT OF |
| V. | § § § § § § § § § § § | FRIO COUNTY, TEXAS |
| NRG TRUCKING COMPANY | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Remedios Reyes Gomez, Individually and As Representative of the Estate of Jaime Sanchez Jaimes, Deceased, and As Next Friend of Alejandra Daniela Sanchez Reyes and Raul Emmanuel Sanchez Reyes, Minors ("Plaintiff"),[1] appears to file Plaintiff's Original Petition, complaining of Defendant NRG Trucking Company ("Defendant" or "NRG"), and for cause of action would show as follows:

### DISCOVERY CONTROL PLAN

1.      Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff states that she intends to conduct discovery in this matter under Level 3 and requests that the Court enter a

---

[1] Remedios Reyes Gomez, when referred to individually, is sometimes referred to herein as "Reyes." The Estate of Jaime Sanchez Jaimes, Deceased, is referred to herein as the "Estate." Alejandra Daniela Sanchez Reyes and Raul Emmanuel Sanchez Reyes are collectively referred to herein as the "Minors."

discovery control plan in accordance with Rule 190.4 of the Texas Rules of Civil Procedure.

## PARTIES AND PROCESS

2.	Reyes is the surviving spouse of Jaime Sanchez Jaimes, Deceased ("Decedent" or "Sanchez"), and the biological mother of the Minors. The Minors are the biological children of Decedent. Reyes and the Minors are residents of Mexico. Decedent was a resident of Mexico at the time of his death.

3.	Defendant NRG Trucking Company is a corporation which conducts a substantial amount of business in Texas on a continuous and systematic basis, and which, by agreement, may be served through its counsel, David A. DuBois, McCoy Leavitt Laskey LLC, via the following e-mail address: **ddubois@mlllaw.com**.

## ASSUMED NAMES AND MISNOMER/ALTER EGO

4.	Pursuant to Rule 28 of the Texas Rules of Civil Procedure, Plaintiff brings this suit against all individuals, joint ventures, partnerships, unincorporated associations, corporations and entities doing business under the assumed name, trade name or common name of or including the words "NRG Trucking" with respect to the events described herein. Pursuant to Rule 28, Plaintiff demands upon answering this suit that Defendant answer in its correct legal name and disclose the true name of the entity or entities doing business under any assumed/trade/common name(s) as stated above so that the true name of the entity or entities can be substituted, if necessary.

5.	In the event any party is misnamed or is not included herein, it is Plaintiff's contention that such was a "misidentification" and/or "misnomer" and/or that such party is/was an "alter ego" of the party named herein. Alternatively, Plaintiff contends such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this matter as the amount in controversy is within the jurisdictional limits of this Court.

7.      This Court has personal jurisdiction over Defendant because it has sufficient minimum contacts with Texas to confer jurisdiction and asserting jurisdiction over Defendant complies with traditional notions of fair play and substantial justice. Defendant's contacts with Texas are purposeful rather than random, fortuitous or attenuated, and it has sought and received benefit, advantage and profit by availing itself of the Texas forum. Defendant is an interstate trucking company which conducts business across the nation, including Texas. In short, Defendant has purposely availed itself of the privilege of conducting business in Texas and its contacts with Texas satisfy the general jurisdiction requirement.

8.      Moreover, and in addition to satisfying the general jurisdiction requirement by virtue of its continuous and systematic contacts with Texas, specific jurisdiction is also present over Defendant because the claims asserted herein arose from or are connected with purposeful acts and/or omissions committed by Defendant and/or its employee(s)/agent(s), in whole or in part, within the State of Texas. As more particularly described herein, the incident made the basis of this lawsuit occurred in Texas. Put another way, Defendant's liability arises from or relates to its contacts with the Texas forum, and there is a substantial connection between those contacts and the operative facts of this litigation. In sum, both the general jurisdiction and specific jurisdiction requirements are satisfied as to Defendant.

9.      Pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code, venue is proper in Frio County, Texas, as this is the county where the incident in question occurred.

## NATURE OF CASE

10. This is a negligence, gross negligence, wrongful death and survival action arising out of a motor vehicle crash which tragically took the life of Sanchez on May 24, 2022. The crash and Sanchez's ensuing death were caused by the negligence and gross negligence of Defendant.

11. Reyes brings this lawsuit individually and on behalf of the Minors and the Estate. Reyes and the Minors are statutory beneficiaries pursuant to Chapter 71 of the Texas Civil Practice and Remedies Code and are therefore entitled to bring these claims pursuant to Section 71.001 *et seq.* of the Texas Civil Practice and Remedies Code, commonly known as the "Texas Wrongful Death Act." Reyes, individually and on behalf of the Minors, seeks to recover all damages allowed by the Texas Wrongful Death Act and as otherwise provided by law in connection with the death of Decedent. The damages to which Reyes and the Minors are entitled and for which recovery is sought include, without limitation, pecuniary losses, past and future (this includes, without limitation, loss of advice and counsel, loss of services and any expenses which may be incurred for psychological treatment); mental anguish, past and future; loss of companionship and society, past and future; and loss of inheritance.

12. As stated above, Reyes also brings this suit on behalf of the Estate, for all of the Estate's claims and causes of action under Section 71.021 of the Texas Civil Practice and Remedies Code, commonly known as the "Texas Survival Statute." Reyes is a member of the class of persons authorized by Section 71.021 to initiate a survival action. Sanchez died intestate. Reyes and the Minors are the rightful and sole heirs of the Estate. The heirs of the Estate have agreed upon how to distribute the assets of the Estate and no formal administration of the Estate is necessary. The damages to which the Estate is entitled and for which recovery is

sought include, without limitation, the pain and suffering and mental anguish which Decedent incurred prior to his death, as well as all medical and funeral expenses associated with his death and all other damages allowed under the Texas Survival Statute.

13. In short, Reyes brings this suit for all of her, the Minors' and the Estate's claims and causes of action under the Texas Wrongful Death Act and the Texas Survival Statute.

## Facts

14. On May 24, 2022, Sanchez was the driver or passenger in a tractor-trailer combination lawfully traveling eastbound on US 57 in Frio County, Texas,[2] when JN Feguens Jacquet ("Jacquet") or Norzelin Gesner, Deceased ("Gesner"),[3] operating an NRG tractor trailer combination and traveling westbound on US 57, crossed into the eastbound lane of travel and collided with the tractor-trailer combination being occupied by Sanchez and Hernandez. All of the tractor-trailer units involved in the crash burst into flames. Sanchez died as a result of the crash.

15. At the time of the crash, Jacquet and Gesner were acting within the course and scope of their employment with NRG, which owned the tractor-trailer being driven by the Operator.

## Causes of Action/Claims

### Wrongful Death Act

16. The death of Sanchez, and by extension the injuries and damages sustained by Reyes, the Minors and the Estate as a result thereof, were caused by the wrongful acts, neglect, carelessness, default, negligence, negligence per se and gross negligence of Defendant. Put

---

[2] Pedro Martinez Hernandez ("Hernandez") was the other occupant in the vehicle.
[3] The Texas Peace Officer's Crash Report indicates that Gesner was the individual operating the NRG tractor-trailer. NRG's counsel has, however, represented that, based on the company's electronic driver logs, it appears that Jacquet was actually operating the NRG vehicle. The actual operator of the NRG rig, whether Jacquet or Gesner, is referred to herein as the "Operator."

another way, Defendant failed to exercise ordinary care as would have been exercised by a reasonably prudent person under the same or similar circumstances, said failure proximately causing the resulting injuries and damages complained of herein.

**Negligence/Negligence Per Se/Negligent Entrustment/Hiring/Retention/Supervision**

17. In particular, the Operator, for whose acts and omissions Defendant is vicariously responsible under the doctrine of *respondeat superior* and/or traditional principles of agency, committed wrongful acts and was otherwise careless, neglectful, negligent per se and grossly negligent by way of various acts and omissions, including, without limitation, as follows:

- In moving from his lane of travel when such movement could not be made safely, in violation of Section 545.060 of the Texas Transportation Code;
- In turning his rig from a direct course and/or moving his rig to the left when the movement could not have been safely, in violation of Section 545.103 of the Texas Transportation Code;
- In unsafely turning his rig into the lane of traffic being occupied by Sanchez/Hernandez;
- In failing to control the NRG rig;
- In negligently and recklessly steering the NRG rig to the left;
- In failing to take proper evasive action;
- In failing to follow basic training on evasive maneuvers;
- In failing to maintain such lookout as a person with ordinary prudence would have maintained under the same or similar circumstances;
- In failing to follow industry regulations and standards;
- In negligently and/or recklessly operating a commercial motor vehicle;
- In using an electronic device while driving a commercial motor vehicle;
- In failing to control the speed of his vehicle and in driving his vehicle at a speed greater than was reasonable and prudent under the circumstances, in violation of Section 545.351 of the Texas Transportation Code;
- In failing to obey various traffic rules and regulations of the State of Texas, including, without limitation, those provisions set forth in Sections 544 and 545 of the Texas Transportation Code, which constitutes negligence per se;
- In driving the vehicle in willful and wanton disregard for the safety of persons or property, in violation of Section 545.401 of the Texas Transportation Code;
- By way of other acts and omissions to be discovered throughout the course of this lawsuit.

6

18. The foregoing acts and omissions, singularly or in combination with others, constituted negligence (and in some cases negligence per se), and were each, independently and/or concurrently, a proximate cause of the incident in question and the damages about which Plaintiff complains herein. Discovery has yet to commence. Further information and evidence will be obtained concerning the above issues and allegations, which may possibly require additional and/or different allegations. Plaintiff reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

19. Defendant is also independently liable for its own acts and omissions of negligence and/or negligent entrustment/hiring/retention/supervision, some of these acts and omissions including, without limitation, the following:

- Allowing its rig to be driven by the Operator on the public roads and highways in a manner which posed a danger to the traveling public;
- Entrusting its rig to the Operator on the occasion in question in that the Operator was an unskilled, incompetent and reckless driver, of which Defendant knew, or through the exercise of ordinary care, should have known;
- The hiring of the Operator;
- Failing to properly investigate the prior employment history and driving ability and record of the Operator;
- Failing to properly train the Operator to drive in a safe and prudent manner;
- In otherwise failing to train the Operator, including as relating to proper evasive steering;
- Failing to properly supervise the Operator to ensure that he would operate the NRG rig in a safe and prudent manner;
- The negligent employment, retention and supervision of the Operator; and
- In some other manner to be discovered through the course of this lawsuit.

20. The foregoing acts and omissions, singularly or in combination with others, constituted negligence (and in some cases negligence per se), and were each, independently and/or concurrently, a proximate cause of the incident in question and the damages about which Plaintiff complains herein. Discovery has yet to commence. Further information and evidence

will be obtained concerning the above issues and allegations, which may possibly require additional and/or different allegations. Plaintiff reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

21. By way of all of the complained of acts and omissions, Defendant is liable to Plaintiff under the Texas Wrongful Death Act and Texas Survival Statute.

### SURVIVAL STATUTE

22. As stated above, as a result of the complained of acts and omissions, Defendant is, in addition to being liable to Reyes and the Minors pursuant to the Texas Wrongful Death Act, liable to the Estate pursuant to the Texas Survival Statute. TEX. CIV. PRAC. & REM. CODE § 71.021 *et seq.* Accordingly, Reyes also brings suit on behalf of the Estate pursuant to the Texas Survival Statute and seeks to recover all damages allowable under the foregoing statute.

### GROSS NEGLIGENCE

23. As more particularly described herein, the acts and omissions complained of involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, of which the Operator and Defendant had actual, subjective awareness of, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others. Accordingly, Plaintiff is entitled to and hereby sues Defendant for exemplary/punitive damages.

### *RESPONDEAT SUPERIOR*, AGENCY AND/OR OTHER APPLICABLE THEORIES OF LIABILITY

24. As stated above, the Operator was the agent, servant and/or employee of Defendant at the time of the subject crash and was acting within the course and scope of his employment as agent, servant and/or employee of Defendant. The Operator was operating the NRG rig with the knowledge, consent and actual permission and/or implied permission of Defendant and was acting within the course and scope of his implied and/or express authority as

agent, servant and/or employee of Defendant. Accordingly, Defendant is liable for the acts and omissions of the Operator under the doctrine of *respondeat superior*, traditional principles of agency law and/or any other applicable theory of law.

25. Alternatively, at all material times hereto, NRG and the Operator were engaged in a joint enterprise in that NRG and the Operator had: (1) an express or implied agreement; (2) a common purpose; (3) a community of pecuniary interest; and (4) an equal right to a voice in the direction of the enterprise. Specifically, the Operator was in route to further the business and profits of NRG. NRG and the Operator shared control of the NRG tractor-trailer combination at the time of the incident in question. The Operator actually operated the tractor-trailer combination, while NRG planned the Operator's course of travel and destination and directed the Operator as to the route and times to be followed in furtherance of their mutual enterprise. Accordingly, Defendant is liable for the Operator's act and omissions under the joint enterprise theory.

26. Alternatively, at all material times hereto, NRG and the Operator were engaged in a partnership and/or joint venture. NRG and the Operator had an agreement to share profits and losses and participated in the control/management of the business. Accordingly, Defendant is liable for the Operator's acts and omissions under a partnership/joint venture theory.

27. Alternatively, at all material times hereto, Plaintiff would also show that, at all relevant times herein, the Operator was a "vice-principal" of NRG, including but not limited to the fact that the Operator was engaged in the performance of non-delegable or absolute duties of NRG. Furthermore, NRG authorized or ratified the conduct of the Operator. Accordingly, Defendant is liable for the Operator's acts and omissions under the "vice-principal" theory.

## DAMAGES (INCLUDING EXEMPLARY/PUNITIVE DAMAGES)

28. As a result of Defendant's negligence and gross negligence, as more particularly described herein, Jaime Sanchez Jaimes, Deceased, lost his life. Sanchez was only 35 years old. Sanchez leaves behind a grieving family, including his wife, Remedios Reyes Gomez, and his two minor children, Alejandra Daniela Sanchez Reyes and Raul Emmanuel Sanchez Reyes, all of whom were dependent on Sanchez for support, love and companionship.

29. Remedios Reyes Gomez has lost her husband. Alejandra Daniela Sanchez Reyes and Raul Emmanuel Sanchez Reyes have lost their father. Sanchez provided his wife and children with love and companionship. Remedios Reyes Gomez, Alejandra Daniela Sanchez Reyes and Raul Emmanuel Sanchez Reyes have lost the love, society, affection, companionship, care, maintenance, support, services, advice, counsel and contribution of a pecuniary value that they would have, in reasonable probability, received from Sanchez during his lifetime had he lived. Further, Remedios Reyes Gomez, Alejandra Daniela Sanchez Reyes and Raul Emmanuel Sanchez Reyes have suffered, and will continue to suffer, sorrow, mental anguish and grief over the loss of their husband and father, respectively.

30. Accordingly, Remedios Reyes Gomez, individually and on behalf of Alejandra Daniela Sanchez Reyes and Raul Emmanuel Sanchez Reyes, brings and maintains this suit against Defendant for all pecuniary losses, past and future; (this includes, without limitation, loss of advice and counsel, loss of services and any expenses which may be incurred for psychological treatment); mental anguish, past and future; loss of companionship and society, past and future; and loss of inheritance, along with each of the damages otherwise described herein, together with all other damages allowed under the Texas Wrongful Death Act and/or by law.

31. As a result of Defendant's conduct, Sanchez endured brief but tremendous pain and suffering and mental anguish. The evidence suggests that Sanchez burned to death in the combustion fire. The Estate seeks recovery for Sanchez' brief but tremendous pain and suffering and mental anguish prior to his death, as well as all medical and funeral expenses associated with his death and all other damages allowed under the Texas Survival Statute and/or by law.

32. All of the damages described above constitute damages on account of personal injuries within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

33. Moreover, because the conduct of the Operator and Defendant, as set forth herein, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, of which the Operator and Defendant had actual, subjective awareness of, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others, Plaintiff is entitled to and hereby sues Defendant for exemplary/punitive damages. Furthermore, and in addition to its liability on account of its own gross negligence, Defendant may be held liable for exemplary damages for the actions of the Operator because, among other reasons, the Operator was a vice-principal of Defendant and the Operator acted with gross negligence or malice at all material times hereto.

34. Plaintiff would show that all of the damages complained of were proximately caused by the acts and omissions of Defendant. The damages sought by Plaintiff are in an amount within the jurisdictional limits of the Court. The amount of damages that would fairly and reasonably compensate Plaintiff is to be properly determined by a jury after consideration of all of the evidence presented at trial. However, in satisfaction of the requirements imposed by Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff states that she seeks monetary relief

in an amount over $1,000,000.00. As stated in the comment to the 2013 amendment to Rule 47, the foregoing statement is made solely for the purpose of providing information regarding the nature of the case, does not affect Plaintiff's substantive rights and is made subject to Plaintiff's right to amend.

### PRESERVATION OF EVIDENCE

35. Plaintiff hereby requests and demands that Defendant and its agents, attorneys, and insurers preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including, without limitation, all recordings and images captured by any dashcam, digital video recorder, driving recorder, event data recorder or other onboard camera of any kind which depict the incident, as well as the events leading up to the incident, along with any and all statements, photographs, videotapes, audiotapes, recordings, business or medical records, bills, estimates, invoices, checks, measurements, equipment, vehicles, correspondence, memoranda, files, facsimiles, e-mails, voice-mails, text messages and cellular telephone records. Failure to maintain any relevant evidence constitutes "spoliation" of the evidence and may subject Defendant to sanctions.

### NOTICE OF INTENT TO USE DOCUMENTS

36. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, notice is hereby given that Defendant's production of any documents and items in this case shall authenticate any such document(s) and item(s) for use against Defendant at any pre-trial proceeding or at the trial of this matter, without the necessity of authenticating the document(s) or item(s).

### JURY DEMAND

37. Plaintiff hereby demands a trial by jury on all issues. The required jury fee is

being tendered to the Court simultaneously with the filing hereof.

**REQUIRED DISCLOSURES**

38.     Pursuant to Rule 194.1(a) of the Texas Rules of Civil Procedure, Defendant is required to disclose, within 30 days after the filing of the first answer or general appearance, the information or material described in Rule 194.2(b)(1-12).

WHEREFORE, PREMISES CONSIDERED, Plaintiff Remedios Reyes Gomez, Individually and As Representative of the Estate of Jaime Sanchez Jaimes, Deceased, and As Next Friend of Alejandra Daniela Sanchez Reyes and Raul Emmanuel Sanchez Reyes, Minors, prays that Defendant NRG Trucking Company be duly cited in terms of law to appear and answer herein and that upon final hearing hereof, Plaintiff have judgment against Defendant and recover all actual damages as set out herein, along with exemplary/punitive damages, together with pre-judgment and post-judgment interest at the maximum rates allowed by law and costs of court. Plaintiff also requests that she be granted all other relief to which she may be entitled.

Respectfully submitted,

WEINBERG & WEINBERG LLP

By: _____
Michael Weinberg
State Bar No. 24003149
819 Hogan Street
Houston, Texas 77009
(713) 572-1234 (Telephone)
(713) 572-1233 (Facsimile)
mweinberg@weinbergfirm.com

THE HERRING LAW FIRM PC
Earl M. Herring
State Bar No. 09534140
505 Quarry Street
Eagle Pass, Texas 78852
(830) 757-5879 (Telephone)

14

(830) 757-4333 (Facsimile)
earl@herringfirm.com

**Attorneys for Plaintiff Remedios Reyes Gomez, Individually and As Representative of the Estate of Jaime Sanchez Jaimes, Deceased, and As Next Friend of Alejandra Daniela Sanchez Reyes and Raul Emmanuel Sanchez Reyes, Minors**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jennifer Garza on behalf of Michael Weinberg
Bar No. 24003149
jennifer@weinbergfirm.com
Envelope ID: 67470697
Status as of 8/19/2022 11:50 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michael Weinberg | | mweinberg@weinbergfirm.com | 8/19/2022 11:30:13 AM | SENT |
| Earl M Herring | | earl@herringfirm.com | 8/19/2022 11:30:13 AM | SENT |
| Martha Pena | | martha@herringfirm.com | 8/19/2022 11:30:13 AM | SENT |
| David DuBois | 24098871 | ddubois@mlllaw.com | 8/19/2022 11:30:13 AM | SENT |